UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FIFTY-NINE THOUSAND FOUR HUNDRED
DOLLARS IN UNITED STATES CURRENCY
($59,400),

        Defendant.

Case No. 06-15727
Honorable Julian Abele Cook, Jr.

ORDER

This litigation stems from a dispute between the Government and Ngam Kam Ratthakitvljarn ("Claimant") relating to the seizure of $59,400 by federal agents at the Detroit Metropolitan Airport in Romulus, Michigan on August 29, 2006. On March 27, 2008, these two parties filed motions for summary judgment, with each side expressing their belief that there are no remaining genuine issues of a material nature to be resolved in this civil forfeiture action.

During the course of a hearing on June 19, 2008 and relying upon Fed. R. Civ. P. 56(c), the Government advanced its arguments on such questions as to whether (1) the Defendant currency is forfeitable, as defined by 31 U.S.C. §§ 5316 and 5317, and (2) the Claimant is entitled to assert an innocent owner defense under 18 U.S.C. § 983. The Court also heard the Claimant's positions as to whether (1) a forfeiture of the entire Defendant currency - as sought by the Government - would constitute a violation of the excessive fines clause within the Eighth Amendment, and (2)

the statements that she gave to federal agents during an interrogation in Romulus should be suppressed.

For the reasons that have been stated below, the Court grants the Government's motion for summary judgment[1] because (1) the Defendant currency is forfeitable, and (2) the Claimant does not qualify for the innocent owner defense. However, the Court reserves its judgment as to the merit of the Claimant's motion for summary judgment because it is premature.

I.

According to the Government, the Claimant - shortly after her arrival at the Detroit Metropolitan Airport on August 29, 2006 while en route from Indiana to Thailand - was randomly selected by federal agents for an outbound customs examination. The Claimant, after initially representing to the examining federal agents that she was only carrying $5,000 in cash, signed a form to that effect.[2] When these agents concluded that the Claimant had not given them a full and complete disclosure of the total amount of monies in her possession, she was taken into an investigation room where subsequent inquiries revealed the existence of additional funds in her luggage (to wit, $54,000 and traveler's checks).

Immigrations and Customs Enforcement ("I.C.E.") agents, who were called in to interview the Claimant, were advised by her that she earned approximately $20,000 annually as an employee

---

[1] These motions are technically motions for partial summary judgment and have been treated as such. However, those issues, which pertain to the proportionality of the seizure under the Eighth Amendment and the suppression of the Claimant's interrogation statements, have not been addressed in this order.

[2] There is a dispute between the Government and the Claimant as to (1) the validity of the form that had been allegedly signed by her, and (2) whether she personally inscribed "5000" on this form. However, this matter, which remains unresolved, is immaterial to the findings by the Court today.

in a restaurant owned by her boyfriend in Indianapolis, Indiana. In an attempt to justify the presence of these funds, she asserted that some of the monies had been saved by her over an extended period of time.[3] However, the Government claims that the Claimant subsequently modified her earlier comments when she claimed that the monies had been stolen from her boyfriend.

## II.

According to Rule 56(c) of the Federal Rules of Civil Procedure, a summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party must demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This can be done by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. If the moving party satisfies this burden, the opponent must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elect. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The burden on the non-movant is such that if the

---

[3] During a deposition that was subsequently taken of the Claimant, she attempted to explain her money saving activities in the following manner:

> I could save some because . . . my boyfriend give me some money . . . for the . . . spending . . . at least 300 . . . to 400 a week . . . . I don't have to pay nothing. The only thing I have would be the money that give to me . . . . [b]ecause he give it, like buy some food and, you know, spend for the house. [*Sics* omitted].

3

evidence is "merely colorable" or "not significantly probative," a summary judgment may be entered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). When determining the materiality of an issue, the substantive law governs "which facts are critical and which are irrelevant." *Id.* at 248.

III.

According to 31 U.S.C. §§ 5316 and 5317, if currency or other monetary instruments over $10,000 are not reported upon traveling outside the United States, those funds are subject to forfeiture. In addition to 31 U.S.C. §5316(b), 31 C.F.R. §§ 103.23(a)[4] and 103.27(d)[5] also make it clear that anyone who transports more than $10,000 during an international trip is required to report this information on a specific government printed form.

Here, the Court, after evaluating the respective positions of the interested parties to this litigation, concludes that the Claimant failed to (1) provide the investigating government agents with a full accounting of the monetary instruments in her possession, and (2) complete the required form with a full disclosure of the pertinent financial disclosure information.

According to 31 U.S.C. § 5317(b), customs agents are authorized to search "any person . . . departing from the United States" in order to ensure compliance with 31 U.S.C. § 5316. In a

---

[4]31 C.F.R. § 103.23(a) states the following:
(a) Each person who physically transports . . . or attempts to physically transport . . . currency or other monetary instruments in an aggregate amount exceeding $10,000 at one time from the United States to any place outside the United States . . . shall make a report thereof.

[5]31 C.F.R. § 103.27(d) reads in pertinent part, the following: "Reports required by . . . §103.23 . . . shall be filed on forms prescribed by the Secretary [of the Treasury]. All information called for in such forms shall be furnished."

4

civil forfeiture proceeding, the Government has the burden of demonstrating forfeitability by a preponderance of the evidence. 18 U.S.C. § 983(c)(1). The Court, following its examination of the record, concludes that the Government has met its burden in this case by establishing that the Claimant (1) was in possession of a substantial sum of money in excess of the $10,000 reporting threshold at the time of her arrival in Detroit while en route to a foreign state, and (2) failed to report the actual amount of money that she was presumably attempting to remove from the United States.

In her attempt to counter the contentions by the Government, the Claimant submits that her inability to achieve a level of comfort with the English language created an unwarranted confusion with the Customs agents which, in turn, caused her to misunderstand or unintentionally overlook the federal reporting requirements. However and notwithstanding her inability to fully understand the English language, the plain language of the federal statute and regulations repeatedly use the word "shall" to describe the obligation of every international traveler - such as the Claimant in this case - to provide the governmental authorities with an accurate accounting of the currency in her possession. Thus, even if the Claimant did not speak any English at all she would still be obliged under the statute to satisfy the reporting requirements. *See, e.g.,* 31 U.S.C. § 5316.

Furthermore, the Claimant proclaims that the Government did not meet its burden of proving that she had the requisite intent to violate the currency reporting requirements. However, as is clear from a reading of the statute, there is no intent element to a 31 U.S.C. § 5316 reporting violation. *See United States v. Six Negotiable Checks in Various Denominations Totaling One Hundred Ninety One Thousand Six Hundred Seventy One Dollars and Sixty Nine Cents ($191,671.69) et al.*, 207 F. Supp. 2d 677, 684 ( E.D. Mich. 2002).

5

IV.

The innocent owner defense is statutorily defined by 18 U.S.C. § 983(d).[6] Once the Government has satisfied its statutory obligation, the Claimant is obliged to demonstrate by a preponderance of the evidence that forfeiture is inappropriate. 18 U.S.C. § 983 (d)(1). An innocent owner defense cannot be established by a claimant who "herself [has] committed the act – *i.e.*, the failure to report – that triggered these proceedings." *Six Negotiable Checks,* 207 F. Supp. 2d at 687. It is clear in this case that (1) the Claimant did not report the total amount of the currency under her control, and (2) she knew or should have known of the quantity of monies in her possession during the international flight. Therefore and after taking all of the facts that are known to the Court, it is clear that she "kn[e]w of the conduct giving rise to forfeiture." 18 U.S.C. § 983(d)(2)(A)(i). The plain language of the innocent owner statute does not allow it to be applied to the Claimant because it is undisputed that she did not make a full report of the funds in her possession to the interviewing federal agents.

The Claimant also maintains that, if she is not found by the Court to be a member of one of the classes of persons who have been targeted by the currency reporting statutes, such a finding automatically qualifies her with the innocent owner defense. Her reliance on *United States v. Bajakajian*, 524 U.S. 321, 337-38 (1998), is misplaced. In *Bajakajian,* the Supreme Court opined that (1) the defendant was neither a drug trafficker, money launderer, nor a tax evader and (2) a

---

[6]In defining an innocent owner defense, 18 U.S.C. § 983(d) provides, in pertinent part, as follows:
    (1) An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence.
    (2) (A) With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an owner who . . .
    (i) did not know of the conduct giving rise to forfeiture.

reporting violation on its own is not enough to turn someone into a smuggler. *Id.* at 338 n.13. This reference to *Bajakajian* does not relieve the Claimant of her duty to report the existence of monetary instruments over $10,000 merely because she was not otherwise engaging in criminal activity.

V

Finally, the Court reserves its judgment on the issue of the allegedly excessive nature of a total forfeiture of the Defendant currency until after a hearing on the issue, pursuant to 31 U.S.C. § 983(g), which states that a "claimant . . . may petition the court to determine whether the forfeiture was constitutionally excessive . . . at a hearing conducted by the court without a jury." The Court also reserves its judgment as to the suppression of the Claimant's interrogation statements until the appropriate pleadings are filed.

VI

For the reasons that have been stated above, the Court finds in favor of the Government's motion for partial summary judgment, deciding (1) that the Defendant currency is forfeitable and (2) that the Claimant does not qualify for the innocent owner defense. The Court reserves its judgment as to the other issues discussed above that were raised by the Claimant in her motion for summary judgment.

IT IS SO ORDERED.

Dated: July 3, 2008  s/ Julian Abele Cook, Jr.
Detroit, Michigan  JULIAN ABELE COOK, JR.
United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 3, 2008.

                                              s/ Kay Alford
                                              Case Manager